**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| VALENTIN LUGO ONATE, | ) | |
| | ) | |
| Petitioner, | ) | 3:26-CV-01141-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| MARKWAYNE MULLIN | ) | |
| *IN HIS OFFICIAL CAPACITY AS* | ) | |
| *SECRETARY OF THE U.S. DEPARTMENT* | ) | |
| *OF HOMELAND SECURITY*, et al., | ) | |
| | ) | |
| Respondents, | ) | |

**ORDER**

For the reasons stated in *Deh v. Warden Moshannon Valley Processing Center, et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026), the Habeas Petition is GRANTED IN PART, as follows:

Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized bond hearing to occur within seven (7) days of this order, or else release Petitioner by such date. Respondents shall ensure that the hearing include the required due process, including, at a minimum, factfinding based upon a record produced before a decisionmaker and disclosed to Petitioner; an opportunity to make arguments on Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Petitioner shall be responsible for securing any necessary transcripts and record of the bond hearing.

1

IT IS FURTHER ORDERED that the Petition is DENIED in all other respects. The Clerk of Court shall mark this case as closed.

BY THE COURT:

DATED: July 9, 2026

Marilyn J. Horan
United States District Judge

2